IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CION ADONIS PERALTA,<br><br>    Petitioner,<br><br>vs.<br><br>D. HERMANS,<br><br>    Respondent.<br>_____ | 1:06-cv-01082 AWI WMW HC<br><br>MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A STAY<br><br>[Doc. 10, 12] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss.

**BACKGROUND**

In this habeas corpus petition, Petitioner contends that his due process rights have been violated because his prison classification score was improperly calculated by the California Department of Corrections and Rehabilitation ("CDCR").

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the classification challenged arises out of the Corcoran State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, venue is proper in this court.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the grounds that Petitioner has failed to state a claim warranting federal habeas corpus relief and that the case is barred by the statute of limitations.  Petitioner opposes the motion.  Because the court finds Respondent's first ground to be meritorious, it finds it unnecessary to address the second.

Respondent contends that this petition should be dismissed because federal habeas corpus relief is not available to address Petitioner's allegation that the calculation of his

classification score violated his right to due process.  This court must agree.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). "According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  Petitioner's allegations, however, do not make such attacks.  Petitioner's claims challenge the conditions of his confinement, not the fact or duration of that confinement.  Specifically, Petitioner alleges that if his classification score were lower, he could be housed at a level two prison.  This change in housing would not alter the fact or duration of Petitioner's confinement.  Thus, his claims are not appropriate for habeas corpus relief.  Challenges to the conditions of confinement are more appropriately raised in civil rights action filed pursuant to 42 U.S.C. § 1983. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991); Crawford v. Bell, 599 F.2d at 891-92 (9th Cir. 1979).  Examination of Exhibit B to the petition reveals that this was previously explained to Petitioner by the Honorable James V. Selna, in the order of July 14, 2006, dismissing Petitioner's petition filed in the Central District.

On January 8, 2008, Petitioner filed a motion seeking a temporary stay of his action while he is away from his legal materials while testifying at a trial.  The court finds no need for such a stay.  Petitioner has opposed Respondent's motion to dismiss, and no further briefing is now possible on the motion.  Should Petitioner wish to file a notice of appeal from the judgment in this case, the court will grant him any need extension of time to do so upon a showing of good cause.

Petitioner cannot pursue an appeal in this case without a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for

4

the circuit in which the proceeding is held.
(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right.  Accordingly, the court will deny a certificate of appealability.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1)   Respondent's motion to dismiss is GRANTED;

2)   Petitioner's motion for a stay is DENIED;

3)   This case is DISMISSED for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 2254;

4)   A certificate of appealability is DENIED;

5)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   February 5, 2008              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE